UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIE SMITH,
    Plaintiff,

v.   05-CV-3281

MOHAMMAD IRSHAD et al.,
    Defendants.

## Case Management Order #1

The court is required by 28 U.S.C. §1915A to conduct a merit review of the plaintiff's Complaint, and through such process to dismiss any legally insufficient claims, or the entire action if warranted.

The merit review standard is the same as a motion to dismiss standard. *Pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). The allegations are taken as true, and a claim can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

The plaintiff is currently incarcerated at Logan Correctional Center. He alleges the defendants are being deliberately indifferent to his serious medical need for surgery regarding blood clots and, it appears, serious circulation/cardiac conditions.

The court concludes that, under notice pleading standards, the plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs. An inference that the plaintiff suffers from serious medical needs certainly arises. Whether the defendants are being deliberately indifferent cannot be determined at this stage: he alleges they are and that is all he must do at this point.[1]

---

[1] The court realizes that non-medical personnel are generally entitled to rely on the professional expertise of doctors for the medical treatment of inmates. *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)("'If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoting 3rd Circuit case with approval). However, the court believes it would be premature to rule out the involvement of the non-medical defendants at this stage. The court also acknowledges that it appears from the plaintiff's exhibits that the outside surgeon did not recommend surgery (and apparently refused to perform it) because she felt it was too risky given the plaintiff's condition. Again, however, the court does not have a fully developed factual record before it, the statements about what the surgeon said are hearsay, and the plaintiff may be suffering from other serious medical needs as well.

However, the plaintiff states no constitutional claim against defendant Dr. Roland. Only "state actors"-- persons acting under color of state law--can be liable under Section 1983. *Gayman v. Principal Financial Serv.*, 311 F.3d 851 (7th Cir. 2002). No reasonable inference arises that Dr. Roland, a vascular surgeon at Memorial Medical Center in Springfield, Illinois, is a state actor (as compared to the prison doctors, who are "state actors."). That the plaintiff is an inmate does not make Dr. Roland a state actor. Additionally, there is no inference that the plaintiff seeks to pursue a malpractice action against Roland or anyone else, but even if he does he cannot do so unless he attaches to his Complaint an affidavit and physician's report as required by 735 ILCS 5/2-622. Accordingly, there is no malpractice claim before the court.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review under 28 U.S.C. Section 1915A, the court finds that the plaintiff states an Eighth Amendment claim against defendants Irshad, Cullinana, Huffman, Walker and Hile. Defendant Roland is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. Section 1915A.

2) This case shall proceed solely on the federal claim identified in paragraph one above. Any claim not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or pursuant to Federal Rule of Civil Procedure 15.

3) The necessary deficiency orders are directed to be entered, if any.

4) After the plaintiff satisfies all deficiencies, a Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6) The defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this 12th Day of January, 2006.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE